UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN J. CHILDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-286-TLS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| ACTING COMMISSIONER OF THE | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Plaintiff, Brian J. Childers, seeks review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability insurance benefits. The Plaintiff argues that the Commissioner wrongfully denied him disability benefits and erred by (1) failing to incorporate limitations from all of his medically determinable impairments, both severe and non-severe, into his Residual Functional Capacity, including limitations related to concentration, persistence, and pace, and (2) failing to consider the Plaintiff's work history in determining his credibility.

**BACKGROUND**

On February 4, 2014, the Plaintiff filed his Title II application for a period of disability and disability insurance benefits, alleging disability beginning on November 24, 2013. (R. 24.) His claims were denied initially on April 30, 2014, and upon reconsideration on September 2, 2014. (*Id.*) On December 28, 2015, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Sharon D. Ringenberg, a vocational expert, also

appeared and testified at the hearing. (*Id.*) On February 2, 2016, the ALJ denied the Plaintiff's application, finding he was not disabled as of his alleged onset date. (R. 24–35.) On May 11, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–4.)

On July 10, 2017, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has not engaged in SGA since his alleged onset date. (R. 26.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting his ability to do basic work activities under § 404.1520(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including mild multilevel cervical spondylosis C2–C7, cervical and lumbar facet arthropathy and radiculopathy, chronic pain syndrome and

occipital neuralgia, diabetes mellitus, obesity, alcohol dependence with physiological dependence, major depressive disorder without psychotic features, and social phobia. (*Id.*) The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic mental and physical demands of work and had lasted for at least twelve months as required under the statute. (*Id.*) The ALJ found that the Plaintiff's medically determinable impairments of hypertension and obstructive sleep apnea were not severe impairments because they did not cause more than minimal functional limitations. (*Id.*)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 404.1520(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things he can still do, despite his limitations—to determine whether he can perform "past relevant work," § 404.1520(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 404.1520(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1. The ALJ found that the Plaintiff had only mild limitations in daily living activities and social functioning and only moderate limitations in concentration, persistence, and pace. (R. 27–28.) The ALJ concluded that the Plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), except:

> [H]e can lift/carry 10 pounds occasionally and less than 10 pounds frequently; he can sit for 6 hours out of an 8-hour workday, alternating to standing for 5 minutes

3

> after every 30 minutes of sitting; he can stand for 2 hours out of an 8-hour workday, alternating to sitting for 5 minutes after every 30 minutes of standing; he can walk 2 hours out of an 8-hour workday, alternating to sitting for 5 minutes after every 30 minutes of walking; push/pull as much as he can lift/carry; occasionally climb ramps and stairs; never climb ladders and scaffolds; occasionally balance, stoop, kneel, and crouch; never crawl; never exposed to unprotected heights; frequently exposed to moving mechanical parts, operating a motor vehicle, weather, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, vibration; occasional exposure to wet, slick, and uneven surfaces; limited to performing simple, routine tasks; and his time off task can be accommodated by normal breaks.

(R. 29.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of his alleged onset date. The ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. (R. 31.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (*Id.*)

The Plaintiff testified that he had difficulty lifting, standing, walking, sitting, squatting, bending, reaching and using his hands, as well as problems with memory, completing tasks, concentration, and getting along with others. (R. 30.) He testified that he has pain in his back and legs, that his arms go numb three to four times a day, and that he has problems with dropping items. (*Id.*) The Plaintiff also reported problems with irritability, memory, concentration, completing tasks, getting along with others, and sleeping. (*Id.*) The ALJ reviewed the Plaintiff's medical history and found that "the objective medical evidence shows that the claimant is not as limited as he suggests." (R. 31.) The ALJ stated that "[n]otwithstanding [the lack of objective medical evidence], [the ALJ] considered the objective medical evidence and the claimant's subjective complaints when limiting the claimant . . . ." (R. 31–32.) The ALJ also cited the Plaintiff's daily living activities in support of the conclusion that the Plaintiff was not as limited as alleged, noting that the Plaintiff was able to attend to his personal hygiene, care for his pets,

4

go grocery shopping, count change, pay bills, handle a savings account, and use a checkbook and money orders. (R. 31–32.)

The Plaintiff had past relevant work as a millwright, which is skilled, heavy work. (R. 33.) Thus, the ALJ concluded that the Plaintiff was not capable of performing any past relevant work. (*Id.*) However, relying on the vocational expert's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (R. 34.) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act since his alleged onset date. (R. 35.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–

400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. The court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and his conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**ANALYSIS**

The Plaintiff argues that the ALJ erred by (1) failing to incorporate limitations from all of his medically determinable impairments, both severe and non-severe, into his RFC, including limitations related to concentration, persistence, and pace, and (2) failing to consider the Plaintiff's work history in determining his credibility.

When an ALJ determines that one or more of a claimant's impairments are "severe," "the ALJ need[s] to consider the *aggregate* effect of this entire constellation of ailments—including those impairments that in isolation are not severe." *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (emphasis in original). "The fact that [an impairment] standing alone is not disabling is not grounds for the ALJ to ignore [it] entirely—it is [its] impact in combination with [the claimant's] other impairments that may be critical to his claim." *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014). That is, "a competent evaluation of [a claimant's] application depends on the total effect of all his medical problems." *Golembiewski*, 322 F.3d at 918. *See also Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) ("As we—and other circuits—have emphasized repeatedly . . . the *combined* effects of the applicant's impairments must be considered, including impairments that considered one by one are not disabling." (emphasis in original)).

The ALJ stated that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties," although those difficulties did not meet or medically equal the severity of one of the listed impairments. (R. 28.) The ALJ considered the Plaintiff's allegations of difficulty with concentration, memory, completing tasks, and paying attention. (*Id.*) The ALJ noted, however, that the Plaintiff could count change, pay bills, handle a savings account, and use a checkbook and money orders. (*Id.*) The ALJ also considered the objective medical evidence regarding the Plaintiff's mental impairments and found that it did not support the severity of limitations alleged. (R. 31–32.) The ALJ stated that he considered both the objective medical evidence and the Plaintiff's subjective complaints in concluding that the Plaintiff was limited to "simple, routine tasks." (R. 32.) The ALJ offers no further explanation regarding the Plaintiff's mental limitations in his RFC.

The Seventh Circuit has "repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014); *see also Stewart v. Astrue*, 561 F.3d 679, 985 (7th Cir. 2009) (noting repeated rejection of the contention that "restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public" accounts for limitations in concentration, persistence, and pace); *Craft*, 539 F.3d at 677–78 (restriction to unskilled, simple work insufficient to account for difficulties with memory, concentration, and mood swings). Because in step three the ALJ determined that the Plaintiff had moderate difficulties with concentration, persistence, and pace, the RFC does not properly account for all of the Plaintiff's limitations.

"The failure to address . . . cognitive limitations when assessing [the Plaintiff's] RFC is a critical defect in the ALJ's decision because even mild cognitive limitations seemingly could alter the ultimate conclusion on disability with respect to a skilled occupation." *Verlee v. Colvin*, No. 1:2-CV-45, 2013 WL 6063243, at *4 (N.D. Ind. Nov. 18, 2013). The ALJ reasoned that limiting the Plaintiff to simple work was sufficient based on the evidence of record. But, this limitation refers only to the complexity of the task. "[L]imitations on the *difficulty* of tasks are completely different from and do not address an individual's limitations on the ability to *sustain* work." *Gamble v. Comm'r of Soc. Sec.*, No. 1:14-cv-239, 2015 WL 5730703, at *12 (N.D. Ind. Sept. 30, 2015) (citing *Varga v. Colvin*, 794 F.3d 809, 814–15 (7th Cir. 2015)) (emphasis in original); *see also Anglemyer v. Berryhill*, No. 3:16-CV-167, 2017 WL 3484743, at *3 (N.D. Ind. Aug. 15, 2017) (noting that "limiting the complexity of a task does not address an individual's ability to continue performing the task over an extended period of time," and finding that the

limitations at issue "dealt 'largely with workplace adaptation, rather than concentration, pace, or persistence'" (first quoting *Varga*, 794 F.3d at 814–15, then citing *O-Conner-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010)). Having found that the Plaintiff had moderate difficulties in concentration, persistence, and pace, the ALJ needed to include limitations relating to the Plaintiff's ability "to sustain focused attention and concentration [as it] relates to the length of time to learn a job" or build a logical bridge explaining why such limitations are unnecessary. *Robinson v. Colvin*, No. 2:12-CV-450, 2014 WL 1316947, at *7 (N.D. Ind. Mar. 28, 2014); *see also Misener v. Asture*, 926 F. Supp. 2d 1016, 1036 (N.D. Ind. 2013) (remanding where the ALJ found "moderate" limitations in concentration, persistence, and pace, but did not include adequate limitations in RFC despite limiting claimant to "unskilled work"). Thus, the RFC does not properly account for all of the Plaintiff's limitations.

The Court is also not convinced that that the ALJ adequately built a logical bridge between the evidence of record and the physical limitations in the Plaintiff's RFC. The Seventh Circuit has repeatedly emphasized that ALJs must "sufficiently articulate their assessment of the evidence to assure us that they considered the important evidence." *Scott v. Barnhart*, 297 F.3d 589, 585 (7th Cir. 2002). And "[a]n ALJ must articulate, at a minimum, his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ properly considered the evidence." *Boyer v. Commissioner of Soc. Sec.*, No. 4:13-CV-45, 2014 WL 4639512, at *5 (N.D. Ind. Sept. 16, 2014) (internal citations omitted). The ALJ's explanation is, at best, cursory. The ALJ explains that in determining the Plaintiff's limitations, he "considered the objective medical evidence and the claimant's subjective complaints." (R. 31.) But, the ALJ's opinion contains very little discussion of the medical evidence of record, and no discussion regarding the credibility of the Plaintiff's testimony. The

9

ALJ offers that the Plaintiff could not be as limited as alleged due to the lack of objective medical evidence but does not adequately explain why the medical evidence was inconsistent with the Plaintiff's assertions. Nor does the ALJ explain why the Plaintiff's daily living activities, such as attending to his personal hygiene and caring for his pets, are inconsistent with his allegations or demonstrate the ability to hold a full-time job. As such, the Court cannot trace the path of his reasoning and be assured that the ALJ properly considered the evidence.

Thus, the Court must remand this case for further consideration. On remand, the ALJ should ensure that any limitations found to exist are adequately incorporated into the Plaintiff's RFC and should adequately build a logical bridge that would allow the Court to trace the path of his reasoning and permit meaningful review. Because the Court is remanding on this issue, the Court need not consider the remainder of the parties' arguments.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order.

SO ORDERED on June 18, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT