UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

BRIAN CHILDERS,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of the
Social Security Administration,

    Defendant.

CAUSE No.: 1:17-CV-286-TLS

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 28], filed on May 23, 2020. For the reasons stated below, the motion is GRANTED in part and DENIED without prejudice in part.

## BACKGROUND

On July 10, 2017, Plaintiff filed a Complaint [ECF No. 1] seeking review of the decision of the Commissioner of the Social Security Administration denying his application for Social Security benefits. On June 18, 2018, the Court reversed the Commissioner's decision and remanded for further proceedings. Op. & Order, ECF No. 23. Thereafter, the Court granted Plaintiff's request for $5,003.80 in fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *See* Order, ECF No. 27.

On August 15, 2019, the Administrative Law Judge entered a fully favorable decision. *See* Decision, Ex. D, ECF No. 28-4. On April 22, 2020, the Social Security Administration issued a Notice of Award, calculating Plaintiff's past due benefit as $82,478.00. *See* Notice of Award p. 2, Ex. E, ECF No. 28-5. Twenty-five percent of the past due benefits of $82,478.00 is

$20,619.50. Plaintiff's hearing representative sought and recovered a fee of $6,000.00 at the administrative level pursuant to 42 U.S.C. § 406(a). *Id.*; *see also* Decision, Ex. D.

This case also involves dependent benefits. Pl.'s Mot. ¶ 10. However, Plaintiff's attorney did not attach a Notice of Award of past-due benefits to Plaintiff's auxiliaries. Instead, Plaintiff's attorney calculated the anticipated benefit of $40,257.70, twenty-five percent of which would be $10,064.42. *Id*. On June 15, 2020, the Court issued an Order [ECF No. 31] taking under advisement this motion and ordering Plaintiff's attorney to file by July 6, 2020, the Notice of Award or other sufficient documentation demonstrating the award of past-due dependent benefits as well as the amount of past-due dependent benefits awarded. No documentation was filed.

The fee agreement between Plaintiff and counsel provided, in part: "If a U.S. Court rules in my favor AND I later prevail on a the claim that was the subject of my Court case, I will pay as a fee up to twenty-five percent (25%) of any past-due Social Security benefits awarded to me and my family pursuant to 42 U.S.C. § 406(b)." Ex. A, Fee Agreement ¶ 2.C. ECF No. 28-1. The fee agreement further provides:

> In a case in which the court awards both a fee from my past-due benefits under 42 U.S.C. § 406(b) and an EAJA fee, attorney will refund to me the smaller of the two amounts or will otherwise ensure that the EAJA fee award is deducted from any 42 U.S.C. § 406(b) fee award. Any administrative fee that the Agency pays to my hearing lawyer under 42 U.S.C. § 406(a) will also be deducted from any § 406(b) award. Under no circumstances will the total fees awarded for work under § 406(b) in the U.S. District Court and/or in a higher U.S. Court exceed twenty-five percent (25%) of any past-due benefits awarded to me and my family by the Social Security Administration.

*Id.* ¶ 2.D.

## ANALYSIS

"The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culberston v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under

2

§ 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Hoover*, 2019 WL 3283047, at *1. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Id.* at *4 (citing *Gisbrecht v. Barnhardt*, 535 U.S. 789, 807 (2002)). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 807. Likewise, "an award of EAJA fees under [28 U.S.C. § 2412] offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796).

  In the instant motion brought under § 406(b), Attorney Randal S. Forbes calculates a twenty-five percent attorney fee of $30,683.92, comprised of twenty-five percent of the past-due benefits awarded to Plaintiff ($20,619.50) and twenty-five percent of the anticipated past-due benefits to be awarded to Plaintiff's auxiliaries ($10,064.42). Pl.'s Mot. ¶ 12. Counsel avers that he worked 25.4 hours during this litigation to obtain the reversal and remand. *Id.* at ¶ 4 (citing Ex. B, ECF No. 28-2). Counsel recognizes that the § 406(b) fee award will be reduced by $6,000.00 for the § 406(a) award and that counsel must refund to Plaintiff the EAJA award of $5,003.80. *Id.* at ¶¶ 8, 12, 17. Counsel contends that the requested attorney fee is reasonable in light of the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case. *Id.* ¶ 15. The Commissioner filed a response [ECF No. 3], raising no objections.

  As an initial matter, the Court finds that the request for § 406(b) fees based on an award of past-due benefits to Plaintiff's auxiliaries is not supported at this time by documentation demonstrating an award to the auxiliaries or a withheld amount for attorney fees based on such an award. Therefore, the Court denies without prejudice the request for attorney fees related to

past-due benefits awarded to Plaintiff's auxiliaries. Plaintiff's counsel is granted leave to file a supplemental fee petition once auxiliary benefits are awarded.

As a result, the requested § 406(b) attorney fee based on Plaintiff's award of past-due benefits is $20,629.60 from which the § 406(a) award of $6,000.00 is subtracted for a net award under § 406(b) of $14,629.60. The EAJA award will be refunded to Plaintiff from this net award. The Court finds that $14,629.60 in attorney fees is consistent with the fee agreement and the time worked in this case at the federal court level. Counsel indicates that he worked 25.4 hours on this case, which results in an effective hourly rate of $575.97. This effective hourly rate is more than reasonable given the contingent nature of the representation and in light of fees that have been approved in similar cases. *See, e.g.*, *Hoover*, 2019 WL 3283047, at *4 (effective hourly rate of $800); *Hill v. Comm'r of Soc. Sec.*, No. 1:11-CV-134, 2016 WL 2643360, at *4 (N.D. Ind. May 10, 2016) (effective hourly rate of $810); *Bianco v. Colvin*, No. 3:14-CV-98, 2016 WL 1295926, at *3 (N.D. Ind. Apr. 4, 2016) (effective hourly rate of $825). In addition, counsel obtained a significant benefit for Plaintiff of $82,478.00 in past-due benefits. Thus, the Court grants the request for § 406(b) attorney fees in the net amount of $14,629.60 based on the past-due benefits awarded to Plaintiff.

## CONCLUSION

For the reasons stated above, Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 28] is GRANTED in part and DENIED without prejudice in part. The Court AWARDS attorney fees under 42 U.S.C. § 406(b) in the net amount of $14,629.60 based on the past-due benefits awarded to Plaintiff. The Court ORDERS Plaintiff's attorney to refund to Plaintiff the $5,003.80 in EAJA fees previously awarded in this

case. The Court GRANTS Plaintiff's attorney leave to file a supplemental fee petition once auxiliary benefits are awarded.

SO ORDERED on July 10, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT